**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GINA DEFUSO AND PIERRE ANDRE WALKER, *individually and on behalf of a collective of similarly situated individuals,*<br><br>Plaintiffs,<br><br>vs.<br><br>WESTCHESTER COUNTY HEALTH CARE CORPORATION D/B/A WESTCHESTER MEDICAL CENTER AND D/B/A WESTCHESTER MEDICAL CENTER HEALTH NETWORK.<br><br>Defendant. | **COLLECTIVE ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED<br><br>Civil No. |

Plaintiffs Gina Defuso and Pierre Andre Walker ("Plaintiffs"), individually and on behalf of themselves and all others similarly situated, by and through counsel, upon personal knowledge as to themselves, and upon information and belief as to other matters, alleges as follows:

## INTRODUCTION

1. This action seeks to recover unpaid overtime compensation, as well as liquidated damages, interest, reasonable attorneys' fees, costs, declaratory relief, and any other appropriate relief, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* on behalf of Plaintiffs and similarly situated current and former employees of Defendant Westchester County Health Care Corporation's ("Defendant" or "WCHCC") and its component and owned medical facilities, all of whom are subject to the same unlawful time keeping rounding procedures established by Defendant, and who elect to opt into this action pursuant to 29 U.S.C. § 216(b) (the "FLSA Collective," as hereinafter more fully defined).

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because Defendant WCHCC has its principal place of business and resides in this district, Plaintiffs reside and worked in this district for Westchester Medical Center ("WMC"), and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred here.

**PARTIES**

4. Plaintiff Gina Defuso is an individual and resident of Elmsford, New York. Plaintiff Defuso has completed an "Opt-In Consent Form," which is filed as Exhibit A to this Complaint and is incorporated by reference herein. Plaintiff Defuso was an hourly non-exempt employee of WMC.

5. Plaintiff Pierre Andre Walker is an individual and a resident of Yonkers, New York. Plaintiff Walker has completed an "Opt-In Consent Form," which is filed as Exhibit B to this Complaint and is incorporated by reference herein. Plaintiff Walker was an hourly non-exempt joint employee of WMC and Diamond Healthcare Corp. ("Diamond") and worked in Westchester Medical Center's Behavioral Health Center in partnership with Diamond. Diamond is a national healthcare company with its principal operating address at 701 E. Byrd Street, Richmond, Va., that specializes in the management, consulting, and operational delivery of behavioral health services in partnership with hospitals and health systems.

6. Defendant Westchester County Health Care Corporation is a New York public benefit corporation with its principal operating address at 100 Woods Road, Valhalla, NY 10595. WCHCC does business as WMC and Westchester Medical Center Health Network ("WMCHN")

and operates and controls an integrated health care system that includes a number of hospitals and medical facilities throughout New York's Hudson Valley.

7. HealthAlliance, Inc. ("HealthAlliance") is a healthcare system operating medical facilities in New York's Hudson Valley, including Ulster and Delaware Counties. WCHCC is the sole corporate member of HealthAlliance.

8. WMC is a major regional hospital and academic medical center located in 100 Woods Road, Valhalla, New York, 10595, and serves as the flagship hospital of WMCHN. Through WCHCC and its and its affiliated entities, WMCHN operates numerous medical facilities, including WMC, include Behavioral Health Center, Good Samaritan Hospital, HealthAlliance Hospital, Maria Fareri Children's Hospital, MidHudson Regional Hospital, Port Jervis Community Hospital, St. Anthony Community Hospital, and St. Josephs Place.

9. At all relevant times, Defendant WCHHC operated and controlled its healthcare facilities, directly and through its affiliated entities, as a single, integrated healthcare enterprise under common management and control, holding itself out to the public as a unified healthcare system known as the "Westchester Medical Center Health Network." WCHCC coordinated the operations of these facilities through common executive leadership, consolidated financial reporting, and integrated administrative and clinical operations. Through these arrangements, WCHCC exercised control over the terms and conditions of employment of hourly employees throughout the network, including of Plaintiffs and other similarly situated current and former hourly employees, including the policies and practices concerning the recording of hours worked, rounding of employee time records, and payment of wages challenged in this action.

10. At all relevant times, WCHCC jointly exercised control with Diamond over the terms and conditions of employment of Plaintiff Walker and other similarly situated hourly

Diamond employees who have worked at WCHCC's facilities, including their work schedules, supervision, job duties, and timekeeping practices. Specifically, while Plaintiff Walker worked at WMC's Behavioral Health Center, WMC personnel, including supervising nurses, principally set his work schedule, established rules governing his work, and exercised control over the recording of his working time, including when he could begin and end work. Accordingly, WCHCC was Plaintiff Walker's joint employer with Diamond within the meaning of the FLSA.

## FACTUAL ALLEGATIONS

### Plaintiffs' and the FLSA Collective's Non-Exempt Employment Status

11. Plaintiff Defuso was employed by WCHCC as a non-exempt employee at WMC as a Senior Admitting Clerk from 2021 through 2025, earning approximately $28–$29 per hour during that period. Plaintiff Defuso worked a five-day schedule during which she sometimes worked a 7:00 a.m. to 3:00 p.m. shift and sometimes a 3:00 p.m. to 11:00 p.m. shift. She regularly worked more than 40 hours per workweek doing the responsibilities of her job and incurred overtime hours in excess of 40 hours per workweek doing those responsibilities for which she was not paid as a result of the rounding and time editing practices alleged herein.

12. Plaintiff Walker was employed by Diamond and WCHCC as a non-exempt employee and worked as a Patient Care Technician at WMC's Behavioral Health Center from approximately September 2024 to March 2026 on an hourly basis. At all relevant times in this position, Plaintiff Walker typically worked four days per workweek, from 7:00 a.m. to 7:30 p.m., and regularly worked for more than 40 hours per workweek doing the responsibilities of his job and incurred overtime for which he was not paid doing those responsibilities as a result of the rounding and time editing practices alleged herein.

13. Plaintiffs, as well as the other members of the FLSA Collective were classified as hourly non-exempt employees and utilized in furtherance of Defendant's business purposes.

14. At all times relevant, WCHCC was an employer of Plaintiffs and the other members of the FLSA Collective within the meaning of 29 U.S.C. § 203(d), whether directly or jointly with another entity, including Diamond.

15. At all times relevant, Plaintiffs and the other members of the FLSA Collective were employees within the meaning of 29 U.S.C. § 203 (e).

**WCHCC's Failure to Pay or Facilitate the Payment for All Hours Worked**

16. WCHCC failed to pay, or facilitate the payment to, Plaintiffs and the members of the FLSA Collective for all overtime hours worked, as a result of WCHCC's time editing and/or rounding policies and practices.

17. At the beginning of their workdays, Plaintiffs and the members of the FLSA Collective clocked in and began performing their job duties and responsibilities, but they were not paid for all overtime worked. Similarly, at the end of their workdays, these employees continued performing their job duties and responsibilities until their work was completed and they clocked out but were not paid for all overtime worked. Instead, pursuant to WCHCC policies, their wages were based on post-edited, rounded, modified, and inaccurate or incomplete time records that excluded time actually worked. Pursuant to WCHCC policies, employees' beginning- and end-of-shift time records were willfully manipulated before they were submitted to payroll, resulting in payment for fewer hours than employees actually worked.

18. Specifically, Plaintiffs and members of the FLSA Collective were subject to a seven-minute rounding policy under which employees' actual clock-in and clock-out times were automatically rounded, resulting in the exclusion of up to seven minutes of working time at the

beginning and end of their shifts. For example, employees who clocked in and began working between 6:53 a.m. and 6:59 a.m. for a 7:00 a.m. shift were paid as though they began working at 7:00 a.m. Similarly, employees who continued working and clocked out between 7:01 p.m. and 7:07 p.m. were paid as though they stopped working at 7:00 p.m. This occurred notwithstanding the ability of the applicable timekeeping and payroll systems to record and compensate employees for the actual time worked.

19. WCHCC's rounding policy systematically favored it because Plaintiffs and the members of the FLSA Collective routinely clocked in before their scheduled starting times and immediately began performing their job duties and responsibilities. WCHCC's attendance policies required employees to be clocked in and ready to work at their scheduled starting times and subjected employees who clocked in late to discipline if they were only one minute late. To avoid discipline, employees were required or effectively compelled to clock in early and begin working before their scheduled shifts. At the end of their shifts, employees regularly continued working beyond their scheduled ending times to complete their job duties and responsibilities, including attending to patients and completing other required tasks. Defendant's rounding practices systematically excluded portions of this working time from payroll, thereby benefiting Defendant at employees' expense.

20. More specifically, and by way of example, when scheduled for a 7:00 a.m. shift, Plaintiff Defuso typically clocked in at 6:53 a.m. When scheduled for a 3:00 p.m. shift, Plaintiff Defuso clocked in at 2:53 p.m. In either case, as soon as she clocked in, she went directly to her workstation and began preparing for the day by turning on her computer, logging into the applications needed to perform her job, and checking that the printers were stocked with paper. Plaintiff Defuso observed that other WMC employees also routinely clocked in early. [if true:] On

occasion, Plaintiff Defuso would also have to work after the end of her shift in order to complete her tasks. At no time was Plaintiff Defuso instructed not to begin working prior to the start her shift or after the end of his shift.

21. Plaintiff Walker generally clocked in at 6:53 a.m. for his 7:00 a.m. to 7:30 p.m. shift and immediately began performing work-related duties, including reviewing patient charts and reports from the previous shift to familiarize himself with what had occurred overnight. On some occasions, he proceeded directly to his patient care duties. Moreover, although his scheduled shift ended at 7:30 p.m., sometimes he did not leave until between 7:45 and 8:00 p.m. because of the need to complete his patient care duties. At no time was Plaintiff Walker instructed not to begin working prior to the start of his shift or to stop working after the end of his shift.

22. Consequently, Defendant failed to pay, or facilitate the payment of, overtime pay to Plaintiffs and the members of the FLSA Collective for all hours worked in excess of forty (40) per workweek during their work at WCHCC facilities.[1]

23. Defendant's rounding and editing policies and practices were not neutral in their operation or effect. Rather, over time, they systematically reduced the hours for which Plaintiffs and the members of the FLSA Collective were paid. These practices violated 29 C.F.R. § 785.48(b), which permits rounding only where the rounding method does not, over time, result in employees being improperly undercompensated for the time they actually worked. Defendant's practices thereby deprived employees of wages for overtime hours actually worked, in violation of the FLSA.

---

[1] The precise dates and workweeks in which Plaintiffs performed uncompensated work, and the precise amounts of unpaid overtime compensation, cannot be determined without access to Defendant's underlying electronic timekeeping and payroll records, which are in Defendant's exclusive possession and control, although Plaintiffs allege that such uncompensated work routinely occurred.

24. Defendant's unlawful pay practices resulted from systematic, healthcare system-wide policies established and maintained by WCHCC at the corporate level. Defendant's facilities, through their respective supervisors and managers, knew or had reason to know that Plaintiffs and the members of the FLSA Collective routinely performed their job duties and responsibilities during periods excluded from payroll through Defendant's rounding practices. Supervisors observed employees performing this work, required or directed them to perform it, and knew that Defendant's timekeeping system recorded their actual clock-in and clock-out times. Defendant did not prohibit employees from performing work during these rounded periods and, instead, routinely required or permitted such work. Nevertheless, Defendant knowingly and willfully maintained its rounding and editing practices to reduce recorded working time and labor costs, intentionally or recklessly disregarding its obligations under the FLSA to pay employees for all overtime hours worked. Defendant's violations were willful within the meaning of the FLSA.

25. As a result of Defendant's rounding and editing practices, Plaintiffs and the members of the FLSA Collective were not paid overtime compensation at one and one-half times their regular rates of pay for all overtime hours worked. Had Defendant paid, or caused to be paid, Plaintiffs and the members of the FLSA Collective for their actual working overtime, rather than relying on rounding and editing practices that systematically reduced paid hours, Plaintiffs and the members of the FLSA Collective would have received additional wages as required by the FLSA.

26. Defendant's on-the-clock but unpaid time deprivation policies/practices resulted from knowing or reckless executive decisions. Pursuant to the FLSA, 29 C.F.R. § 785.13, Defendant "cannot sit back and accept the benefits [of additional work completed by Plaintiffs and the FLSA Collective] without compensating for them." "Management has the power to . . . [and] must make every effort to" ensure all work completed at the beginning and end of shifts was paid

in accordance with the FLSA. *See id.* Because Defendant failed to actively enforce any prohibition against work during these rounded periods and because the work that was done was required by Defendant's facilities and performed for Defendant's benefit and constituted part of employees' principal activities, and/or was a necessary, integral, and indispensable part of their principal activities, it is liable for compensating Plaintiffs and the other members of the FLSA Collective for this time.

**WCHCC's Interrelated Businesses**

27. At all times relevant, WCHCC has conducting its business as WMC and WMCHN and is the sole member of HealthAlliance. As a result, WCHCC presides over an enterprise within the meaning of 29 U.S.C. § 203(r), is engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1), and operates and controls an enterprise engaged in commerce with annual gross volume of business exceeding $500,000.00.

**Defendant's Record Keeping Violations**

28. The FLSA requires Defendant to maintain accurate and complete records of employees' hours worked and wages earned and paid, including daily and weekly hours, regular rates of pay, straight-time earnings, overtime compensation, and total wages paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7.

29. Although Defendant maintained or caused to be maintained electronic records of the actual clock-in and clock-out times of Plaintiffs and the members of the FLSA Collective, the records used for payroll reflected rounded, edited, or otherwise modified working time rather than all hours actually worked. Consequently, the payroll and earnings records prepared by, or directed to be prepared by Defendant, understated employees' hours worked and wages earned, specifically overtime compensation.

30. Accordingly, Defendant has failed to accurately record and account for all hours worked, and wages earned by Plaintiffs and the members of the FLSA Collective, in violation of the FLSA's recordkeeping requirements or failed to require such records be kept.

**FLSA COLLECTIVE OVERTIME ALLEGATIONS**

31. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

32. Plaintiffs bring this case on behalf of a group of present and former employees of Defendant (the "FLSA Collective") defined as:

> All current and former hourly, non-exempt employees who worked at any medical facility operated or controlled by Defendant WCHCC, directly or through its affiliated entities, including employees jointly employed by WCHCC and Diamond, during the three years preceding the commencement of this action through the date of judgment, and who were subject to Defendant's policy or practice of rounding and/or editing recorded starting and ending times for purposes of determining overtime compensation.[2]

33. Such persons are similarly situated with respect to Defendant's challenged rounding and/or editing policies and practices, which resulted in the failure to compensate Plaintiffs and the members of the FLSA Collective for overtime hours actually worked.

34. Plaintiffs and the other members of the FLSA Collective are similarly situated because, among other reasons, they have been subject to WCHCC's unlawful time rounding and editing policy and therefore owed overtime from working hours for which they were not paid overtime compensation. Plaintiffs will prosecute this action vigorously on behalf of the members of the FLSA Collective.

35. Plaintiffs and the other members of the FLSA Collective have been damaged by Defendant's willful refusal to pay, or cause to be paid, at least overtime wages for all overtime

---

[2] Plaintiffs reserve the right to amend and refine the definition of the FLSA Collective based upon further investigation and discovery.

hours worked. As a result of Defendant's willful FLSA violations, Plaintiffs and the other members of the FLSA Collective are also similarly situated in that each is entitled to damages, including, but not limited to, unpaid overtime wages, liquidated damages, costs, and attorneys' fees.

36. Plaintiffs are entitled to send notice to all potential FLSA Collective members pursuant to Section 216(b) of the FLSA. Upon information and belief, the precise size and identity of the group of potential FLSA Collective members are readily ascertainable from the payroll records, timekeeping records, and/or employee and personnel records in the possession or control of Defendant that Defendant was required to maintain, pursuant to the FLSA. Plaintiffs cannot yet state the exact number of similarly situated persons but aver, upon information and belief, that the group of potential FLSA Collective members consists of approximately one thousand or more persons.

## COUNT ONE
**(FLSA Overtime Violations)**
***On Behalf of Plaintiffs and the FLSA Collective***

37. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

38. Defendant has engaged in a pattern and practice of violating the FLSA, as described in this Complaint.

39. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

40. The overtime wage provisions set forth in 29 U.S.C. § 201, *et seq.,* apply to Defendant.

41. At all relevant times and continuing to the present, Defendant has had and imposed a policy and practice of refusing to pay full and required premium overtime compensation to

Plaintiffs and members of the FLSA Collective for hours worked in excess of forty (40) hours per workweek.

42. As a result of Defendant's willful failure to compensate Plaintiffs and the FLSA Collective members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. § 201, *et seq.,* including 29 U.S.C. §§ 207(a)(1) and 215(a).

43. As a result of Defendant's willful failure to record, report, credit, and compensate Plaintiffs and the FLSA Collective members, Defendant has failed to make, keep, and preserve records, or to cause such records to be maintained sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. § 201, *et seq.,* including 29 U.S.C. §§ 211(c) and 215(a).

44. As a result of Defendant's policy and practice of rounding and editing time records, in order to pay payroll at a rate less than what is owed to its employees, Defendant knew or recklessly disregarded the fact that Plaintiffs and the FLSA Collective members were entitled to proper overtime pay and acted with and/or showed reckless disregard that its conduct was prohibited by the FLSA. 29 U.S.C. § 255(a).

45. As a result of Defendant's FLSA violations, Plaintiffs, on behalf of themselves and the FLSA Collective, are entitled to (a) recover from Defendant unpaid wages for all of the overtime hours worked, as premium overtime compensation; (b) recover an additional, equal amount as liquidated damages; and (c) reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

46. Defendant's violations of the FLSA have been willful within the meaning of that statute, and thus a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the members of the FLSA Collective, respectfully requests that this Court:

A. Promptly order Defendant to produce relevant timekeeping and compensation policies and procedures, payroll and timekeeping records, including records reflecting actual clock-in and clock-out times and subsequent rounding or editing, and other information reasonably necessary to identify similarly situated employees and determine the scope of Defendant's alleged violations;

B. Promptly order Defendant to provide the names, dates of employment, last known mailing addresses, telephone numbers, and email addresses of the members of the FLSA Collective for purposes of facilitating notice of this action;

C. Authorize notice to the members of the FLSA Collective pursuant to 29 U.S.C. § 216(b), approve the form and manner of such notice, and permit eligible employees to file written consents to join the FLSA Collective;

D. Equitably toll the statute of limitations applicable to the claims of members of the FLSA Collective, including from the commencement of this action until they file their written consents to join, to the extent warranted by the circumstances;

E. Enter judgment against Defendant and in favor of Plaintiffs and the members of the FLSA Collective, finding that Defendant violated the FLSA;

F. Award Plaintiffs and the members of the FLSA Collective their unpaid overtime compensation, together with an equal amount as liquidated damages, pursuant to 29 U.S.C. § 216(b);

G. Award Plaintiffs and the members of the FLSA Collective prejudgment interest, post-judgment interest, reasonable attorneys' fees, costs, and expenses to the extent authorized by the FLSA, and other applicable law;

H. Award all relief available under the foregoing provisions; and

I. Grant such other and further relief as the Court deems just and proper.

Date: November 17, 2026

Respectfully submitted,

s/ *Seth R. Lesser*

Seth R. Lesser
Christopher Timmel
Jessica Rado
**KLAFTER LESSER LLP**
Two International Drive, Suite 350
Rye Brook, NY 10573
Telephone: (914) 934-9200
seth@klafterlesser.com

Ryan A. Winters*
Kevin M. McDermott II*
**SCOTT & WINTERS LAW FIRM, LLC**
11925 Pearl Rd., Suite 308
Strongsville, Ohio 44136
Telephone: (216) 912-2221
rwinters@ohiowagelawyers.com
kmcdermott@ohiowagelawyers.com

Michael A. Galpern*
**JAVERBAUM WURGAFT HICKS KAHN WIKSTROM & SININS, P.C.**
Laurel Oak Corporate Center
1000 Haddonfield-Berlin Road - Suite 203
Voorhees, NJ 08043
Telephone: (856) 596-4100
mgalpern@lawjw.com

*ATTORNEYS FOR PLAINTIFFS*

* ADMISSION MOTION OR *PRO HAC VICE* TO BE FILED